MICHAEL P. MARTIN [SBN 190213]
FISCHBACH, PERLSTEIN, LIEBERMAN
& ALMOND, LLP
1925Century Park East, Suite 2050
Los Angeles, California  90067-2746
Telephone: (310) 556-1956
Facsimile:  (310) 556-4617
Email: mmartin@fpllaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTICOM ENTERTAINMENT GROUP, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FILM CHEST MEDIA GROUP, INC., a Delaware Corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; STATE TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION; STATE UNFAIR COMPETITION; FEDERAL TRADEMARK DILUTION; STATE TRADEMARK DILUTION; COPYRIGHT INFRINGEMENT; CONVERSION; FRAUD; INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH ECONOMIC ADVANTAGE<br><br>PRAYER FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF |

Plaintiff MULTICOM ENTERTAINMENT GROUP, INC., a Nevada

Corporation (hereinafter referred to as "Plaintiff") complains and alleges as

follows:

JURISDICTION AND VENUE

1.     This action arises under the Lanham Act, as amended (15 U.S.C. §§ 1114, 1116, 1117, 1125(a), and 1125(c)); 17 U.S.C. 101, et seq and 501 through 505; California Business & Professions Code §§ 14320, 14330, 17200, *et seq*., and 17500; and California common law.  Jurisdiction is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  Jurisdiction is also proper pursuant to this Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367 in that the state law claims alleged herein are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and 1391(c) in that Defendants transact business in this Judicial District and a substantial part of the events or omissions giving rise to the claims herein occurred within this Judicial District.

THE PARTIES

3.     MULTICOM ENTERTAINMENT GROUP, INC., a Nevada Corporation (usually "Plaintiff") is a Corporation duly organized and existing under and by virtue of the laws of the State of Nevada, with its principal place of business within this judicial district at 1575 Westwood Blvd., Suite 300, Los Angeles, CA 90024. Plaintiff is the exclusive owner of the trademarks and copyrights which

form the basis of this action.

4.     a. Plaintiff is informed and believes, and on such basis alleges, that Defendant FILM CHEST MEDIA GROUP, INC., (hereinafter individually "Defendant") is believed to be a Connecticut Entity, having its principal place of business at 100 Congress Street, Bridgeport, CT 06604-4046, and is conducting business in California, including this Judicial District and is likewise conducting specific business complained of in this complaint in California, including this Judicial District.

b. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 - 10, inclusive, and therefore sue said Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

c. Plaintiff is informed and believes, and on such basis alleges that each of the aforementioned Defendants acted at all times alleged herein as the agent, employee, representative, and/or alter ego of the other Defendants; is responsible in some manner for the occurrences alleged herein; and caused the injuries alleged herein.

GENERAL ALLEGATIONS<br>PLAINTIFF AND TRADEMARKS AND COPYRIGHTS

5.     Plaintiff is an independent global television distribution company with a major presence in the worldwide television market including pay-per-view,

internet, mobile channels, digital media platforms, co-productions, publishing,

licensing, and merchandising.  Plaintiff is also involved in co-productions of

original programing, working in joint venture with leading broadcasters and

entertainment companies throughout the world.

6.     Plaintiff is the exclusive owner of numerous properties, including

without limitation its beloved, nationally known, and enduring television series

properties, THE BUCCANEERS and THE ADVENTURES OF ROBIN HOOD

(the "Properties").  Multicom is the owner of all intellectual property rights in and

to the properties, including all copyright in the content of each and every episode of

each series, including without limitation, the title theme songs, and background

music throughout each series, as well as the underlying stories, scripts and

screenplays.

7.     Plaintiff is also the exclusive owner of all trademark rights in the titles

of each series, THE BUCCANEERS and THE ADVENTURES OF ROBIN

HOOD, and the proprietary logos depicted throughout the introductory sequence

and closing credits of each episode. Plaintiff has earned extremely valuable and far

reaching goodwill in the minds of consumers in connection with the titles and

trademarks used in connection with the Properties.  This high level of name

recognition among the public gives these marks lucrative appeal.

8.     In addition to the longstanding, international use and goodwill

mentioned above, Plaintiff has applied to register its THE ADVENTURES OF

ROBIN HOOD and THE BUCCANEERS marks at the United States Federal level, among others.  Presently, Plaintiff is the exclusive owner of all rights title and interest in the trademarks assigned United States Trademark Application Serial Nos. 86/187,886, 86/17,908, 86/187,999 and 86/188,017.  Plaintiff and its predecessor in interest has been using THE BUCCANEERS mark in in connection with the properties since at least as early as 1956, and THE ADVENTURES OF ROBIN HOOD  since at least September, 1955 and has been using said marks in interstate commerce since at least these same dates.

9.      Plaintiff's above referenced trademarks are hereinafter collectively referred to as "the Property Marks."

10.     PLAINTIFF's copyrights are partially evidenced by multiple registrations in the United States Copyright Office, including without limitation, United States Copyright Registration Nos. RE 313-150 and RE 273-407. All of Plaintiff's Copyrights are collectively referred to herein as the "Property Copyrights".

11.     In addition, as a result of Plaintiff's efforts through advertising, promotions, sales, and customer service, as well as favorable recommendations by Plaintiff's customers, Plaintiff's Properties have achieved enormous popularity among the public over the years.  As a result of these efforts and Plaintiff's, and Plaintiff's predecessor in interest's, exclusive use of the Property Marks, the Property Marks have acquired substantial goodwill and secondary meaning for a

long period of time, serving as an indicator of Plaintiff as the source of origin of its products.

12.   By virtue of the Property Marks' inherent distinctiveness and acquired secondary meaning; the long duration and usage exclusively by Plaintiff, and its predecessors in interest, of the Property Marks for the series; Plaintiff's extensive advertising and publicity of the Property Marks; and the extremely high degree of recognition of the marks in the trading areas and channels of trade used by Plaintiff; the Property Marks, and each of them, are famous under 15 U.S.C. § 1125(c)(1) of the Federal Trademark Dilution Act of 1995.

## Defendants' Unlawful Conduct: Trademark Infringement, Unfair Competition, Trademark Dilution and Copyright Infringement

13.   Plaintiff is informed and believes, and on such basis alleges, that Defendant has fraudulently and illegally procured master copy 16 millimeter negatives of episodes of the Properties, and has been engaging in the unauthorized and illicit use, licensing and distribution of Plaintiff's Properties, via online video on demand websites, including Hulu.com and Cozi TV in violation of Plaintiff's trademarks, and copyrights.

14.   Plaintiff is informed and believes, and on such basis alleges, that Defendant activities have interfered with Plaintiff's ability to market the Properties in the business marketplace, where consumers confuse the legitimate Properties with the illegally obtained, and fraudulently distributed products licensed and sold

by Defendants in the identical marketplaces for sales of such Properties.

15.    Defendant has no right, license or other authority from Plaintiff to use any of the Property Marks nor Property Copyrights for any purpose.

16.    Plaintiff is informed and believes, and on such basis alleges, that Defendant intentionally purchased or stole counterfeit master copies of the Properties, knowing that the Properties were owned by someone other than themselves; knowing that the property Marks were distinctive and famous; and knowing that Defendant had not received any authority from Plaintiff to use the Property Marks or Property Copyrights for any purposes.

17.    Defendant's unlawful activities result in irreparable injury and damage to Plaintiff's business relationships and reputation.

18.    Additionally, Defendant's unlawful activities injure the public by depriving the public of the right to be free of confusion in the marketplace.

19.    Plaintiff is informed and believes, and on such basis alleges, that Defendant has deliberately, willfully, and maliciously used the Property Marks and Property Copyrights in order to trade on the goodwill that Plaintiff has attained in the Property Marks, to dilute the Property Marks and to confuse the public into believing that Defendant's unauthorized bootleg, counterfeit products are legitimate, licensed or authorized by Plaintiff.

## FIRST CLAIM FOR RELIEF

(Federal Trademark Infringement)

20.     This claim for relief arises under 15 U.S.C. § 1114 and is alleged against all Defendants.

21.     Plaintiff reallege the allegations in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

22.     Plaintiff is the owner of the soon to be Federally Registered trademarks, including the Property Marks set forth above.  These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

23.     Plaintiff is informed and believes, and on such basis alleges, that Defendants are using marks identical to the Property Marks.

24.     Defendants have not been authorized by Plaintiff to use any Property Marks or any mark similar thereto, for any purpose whatsoever, including the use of the Property Marks in connection with the unauthorized illicit use and fraudulent distribution and licensing of Plaintiff's Properties to third parties.

25.     Defendants' unauthorized use of the Property Marks or any mark similar thereto is likely to confuse the public as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

26.     Defendants' unauthorized use is likely leading the public to believe Defendants' goods are sponsored by Plaintiff, or with the permission, approval or

endorsement of Plaintiff.

27.     Defendants' unlawful activities injure the public by depriving the public of the right to be free from confusion in the marketplace.

28.     By reason of this unauthorized use of the Property Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

29.     Plaintiff is informed and believes, and on such basis alleges, that this infringing use by Defendants has been deliberate and willful, entitling Plaintiff to increased damages and attorney's fees.

30.     Plaintiff is informed and believes, and on such basis alleges, unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights and  cause confusion, deception and mistake among the trade and the consuming public as to the source and sponsorship of the Properties provided and sold by Defendants.

31.     Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Defendants will continue to use the Property Marks, thus continuing to infringe upon Plaintiff's rights.

32.     Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(California Trademark Infringement)

33.     This claim for relief arises under California Business & Professions Code § 14320 and California common law and is alleged against all Defendants.

34.     Plaintiff realleges the allegations in paragraphs 21 through 32 of this Complaint as though fully set forth herein.

35.     Plaintiff is the owner of common law trademarks, including the Property Marks set forth above.  These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

36.     Defendants' unauthorized use of marks identical to the Property Marks is likely to confuse the public as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

37.     Defendants have infringed upon Plaintiff's rights by using marks confusingly similar to the Property Marks in connection with their illicit use and fraudulent distribution and licensing of Plaintiff's Properties to third parties, well after Plaintiff had used the Property Marks and made them famous.

38.     By reason of this unauthorized use of marks identical to the Plaintiff's Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

39.     Plaintiff is informed and believes, and on such basis alleges, that this infringing use by Defendants has been deliberate and willful, entitling Plaintiff to increased damages and attorney's fees.

40.     Plaintiff is informed and believes, and on such basis alleges, unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights and cause confusion, deception and mistake among the trade and the consuming public as to the source of the goods sold by Defendants.

41.     Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

42.     Plaintiff has no adequate remedy at law.

<u>THIRD CLAIM FOR RELIEF</u>

(Federal Unfair Competition)

43.     This claim for relief arises under 15 U.S.C. § 1125(a) and is alleged against all Defendants.

44.     Plaintiff realleges the allegations in paragraphs 34 through 42 of this Complaint as though fully set forth herein.

45.     As alleged previously, Plaintiff is the owner of the Property Marks, which trademarks have acquired substantial goodwill and secondary meaning.

46.     As also alleged above, Defendants have used marks identical to the Property Marks in connection with Defendant's illicit use and fraudulent

distribution and licensing of Plaintiff's Properties to third parties, without permission or authority from Plaintiff.

47.   Defendants have not obtained from Plaintiff any license or other permission to use any of the Property Marks or marks confusingly similar thereto for any purpose whatsoever.

48.   Defendants' unauthorized use of the Property Marks  constitutes a false designation of origin and false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive customers and potential customers as to the source, origin, sponsorship and affiliation of the Properties fraudulently distributed and licensed and sold to third parties by Defendants.

49.   Defendants' above-mentioned use of the Property Marks constitute violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

50.   Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these acts of false designation of origin and false representation, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

51.   Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

52.   Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

(California Unfair Competition)

53.     This claim for relief arises under the California Business &
Professions Code §§17200, *et seq*. and 17500 and is alleged against all Defendants.

54.     Plaintiff realleges the allegations in paragraphs 44 through 52 of this
Complaint as though fully set forth herein.

55.     Defendants' conduct is unfair and deceptive behavior pursued in the
course of their businesses in that their actions were likely to deceive present and
potential customers of Defendants and of Plaintiff.

56.     Defendants have willfully decided to unfairly compete with Plaintiff
by misappropriating Plaintiff's proprietary Property Marks and Property Copyrights
by unlawfully and fraudulently procuring, illicitly using and fraudulently
distributing and licensing Plaintiff's Properties to third parties in an attempt to trade
on Plaintiff's goodwill and confuse consumers as to the source, origin, sponsorship
and affiliation of the Properties offered, licensed, distributed and sold by
Defendants.

57.     Defendants have unlawfully derived income and profits from their
activities and will continue to so derive income and profits from their acts of unfair
competition, and Plaintiff has sustained, and will continue to sustain, substantial
injury, loss and damage in an amount according to proof.

58.     Defendants' activities have caused Plaintiff irreparable injury and

unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

59.   Plaintiff has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

(Federal Trademark Dilution)

60.   This claim for relief arises under 15 U.S.C. §1125(c) and is alleged against all Defendants.

61.   Plaintiff realleges the allegations in paragraphs 54 through 59 of this Complaint as though fully set forth herein.

62.   Plaintiff is the owner of the Property Marks, set forth above.  These trademarks are inherently distinctive, have acquired substantial goodwill and secondary meaning, and are famous within the meaning of 15 U.S.C. § 1125(c)(1) of the Federal Trademark Dilution Act of 1995.

63.   Defendants are using marks confusingly similar to the Property Marks without authorization from Plaintiff in connection with the illicit use and fraudulent distribution and licensing of Plaintiff's Properties to third parties.

64.   Defendants have not been authorized by Plaintiff to use any of the Property Marks or any marks confusingly similar thereto for any purpose whatsoever, including the illicit use and fraudulent distribution and licensing of Plaintiff's Properties to third parties.

65.   Defendants' use of the Property Marks dilutes the marks by lessening

their capacity to identify and distinguish Plaintiff's goods in the stream of commerce.

66.     Defendants' use of the Property Marks occurred only after the marks had become famous.

67.     By reason of this unauthorized use of the Property Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these diluting acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

68.     Plaintiff is informed and believes, and on such basis alleges that, through this use, Defendants deliberately and willfully intended to trade on the goodwill that Plaintiff has attained in the Property Marks and to cause dilution of the Property Marks, entitling Plaintiff to increased damages and attorney's fees.

69.     Plaintiff is informed and believes, and on such basis alleges that, unless restrained and enjoined by this Court, Defendants will continue to use marks confusingly similar to the Property Marks, thus continuing to cause the dilution of the Property Marks.

70.     Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

71.     Plaintiff has no adequate remedy at law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>SIXTH CLAIM OF RELIEF</u>

(California Trademark Dilution)

72.    This claim for relief arises under California Business & Professions Code § 14330, and is alleged against all Defendants.

73.    Plaintiff realleges the allegations of paragraphs 61 through 71 of this Complaint as though fully set forth herein.

74.    Plaintiff is the owner of common law trademarks, including the Property Marks set forth above.  These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning and well known and famous.

75.    Plaintiff is informed and believes, and on such basis alleges that Defendants, with full knowledge of the public recognition of the Property Marks, have used the Property Marks on unlawfully obtained infringing goods without authorization from Plaintiff after Plaintiff's marks became well known and famous.

76.    The aforementioned actions of Defendants have caused, and are likely to continue to cause, injury to Plaintiff's business and professional reputation and to dilute the distinctive quality of the Property Marks in violation of Section 14330 of the California Business & Professions Code.

77.    Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

78.     Plaintiff has no adequate remedy at law.

SEVENTH CLAIM FOR RELIEF

(For Copyright Infringement)

79.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 73 through 78 above as if fully set forth herein.

80.     This claim for relief arises under 17 U.S.C. 101, et seq and 501 through 505 and is alleged against all Defendants.

81.     As alleged previously, Plaintiff is the exclusive owner of the proprietary Property Copyrights, including all copyright in the content of each and every episode of each series, including without limitation, the title theme songs, and background music throughout each series, as well as the underlying stories, scripts and screenplays for THE BUCCANEERS and THE ADVENTURES OF ROBIN HOOD.

82.     As set forth above, Plaintiff and its predecessor in interest has registered the Property Copyrights with the United States Copyright Office.

83.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, have had access to Plaintiff's Property Copyrights And that Defendants have fraudulently and illegally procured master copy 16 millimeter negatives of episodes of the Properties, and have been engaging in the unauthorized and illicit use, licensing and distribution of Plaintiff's Properties, via online video on demand websites, including Hulu.com and Cozi TV in violation of

Plaintiff's copyrights

84.    Plaintiff is informed and believes, and based thereon alleges, that

Defendants, and each of them, by their above-enumerated acts have directly or

indirectly published, reproduced, displayed, and adapted Plaintiff's Property

Copyrights in connection with the illicit use and fraudulent distribution and

licensing of Plaintiff's Properties to third parties.

85.    Plaintiff is informed and believes, and based thereon alleges, that

Defendants, and each of them, by their above-enumerated acts have willfully

infringed Plaintiff's exclusive rights in and to Plaintiff's Property Copyrights in

violation of 17 U.S.C. '501.

86.    Plaintiff is informed and believes, and based thereon alleges, that

Defendants have unlawfully and wrongfully derived, and will continue to

unlawfully and wrongfully derive, income and profits from their infringing acts,

and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and

damage in an amount to be proven at trial.

87.    Defendants activities have caused Plaintiff irreparable injury and

unless Defendants' acts are immediately and permanently enjoined, Plaintiff will

continue to suffer irreparable harm and injury.

88.    Plaintiff has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF

### (For Conversion)

89.     Plaintiff repeats and re-alleges the allegations in paragraphs 79 though 88 above as fully set forth herein.

90.     Defendants have fraudulently and illegally procured master copy 16 millimeter negatives of episodes of the Properties, and has been engaging in the unauthorized and illicit use, licensing and distribution of Plaintiff's Properties, via online video on demand websites, including Hulu.com and Cozi TV in violation of Plaintiff's trademarks, and copyrights.  Defendants have refused to return this Property.

91.     Plaintiff is presently entitled to return of the property converted by Defendants, and have suffered damages as alleged herein.

92.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' wrongful acts will continue to cause injury to Plaintiffs and that such injury will continue unless enjoined and restrained by this Court.

93.     Upon information and belief, Defendants have acted intentionally and despicably with oppression, fraud and malice toward Plaintiff.  Plaintiff, therefore, is entitled to an award of punitive damages for the sake of example and by way of punishing Defendants' pursuant to California Civil Code §§ 3294.

NINTH CLAIM FOR RELIEF

(For Fraud)

94.     Plaintiff repeats and re-alleges the allegations in paragraphs 89 through 93 above as if fully set forth herein.

95.     Upon information and belief, it is alleged that Defendants made misrepresentations and/or omissions of material facts to third parties as described above to obtain and retain ownership and control of the Property of Plaintiffs, including but not limited to, master copy 16 millimeter negatives of episodes of the Properties, and has been engaging in the unauthorized and illicit use, licensing and distribution of Plaintiff's Properties, via online video on demand websites, including Hulu.com and Cozi TV in violation of Plaintiff's trademarks, and copyrights.

96.     Upon information and belief, it is alleged that Defendants intended or had reason to expect that third parties would rely upon such material misrepresentations set forth above.

97.     Upon information and belief, it is alleged that Defendants intended or had reason to expect that third parties would rely upon such material misrepresentations and/or omissions set forth above.

98.     Upon information and belief, it is alleged that Defendants knew that such material misrepresentations and/or omissions were false or acted in reckless disregard of their falsity at the time such misrepresentations and/or omissions were made.

99.     Upon information and belief, it is alleged that Defendants had the

intent to deceive and made such material misrepresentations and/or omissions for the purposes of inducing said third parties to rely upon them or were reckless in making such misrepresentations and omissions.

100.   Upon information and belief, it is alleged that each of the material misrepresentations and/or omissions were false at the time such misrepresentations were made.

101.   As a direct and proximate result of Defendants' misrepresentations and/or omissions, Plaintiff sustained damages in an amount to be proven at trial.

102.   Plaintiffs are informed and believe, and on that basis allege, that Defendants' wrongful acts will continue to cause injury to Plaintiff and that such injury will continue unless enjoined and restrained by this Court.

103.   Upon information and belief, Defendants have acted intentionally and despicably with oppression, fraud and malice toward Plaintiff.  Plaintiff, therefore, is entitled to an award of punitive damages for the sake of example and by way of punishing Defendants' pursuant to California Civil Code §§ 3294.

<u>TENTH CLAIM FOR RELIEF</u>

(Intentional Interference with Prospective Business Advantage)

104.   Plaintiff repeats and re-alleges the allegations in paragraphs 94 through 103 as if fully set forth herein.

105.   By engaging in the conduct alleged above, Defendants' intentionally interfered with Plaintiff's relations with potential customers, suppliers, sponsors

and supporters when it committed the acts described above.

106.   Upon information and belief, Defendants knew that their conduct as alleged herein was likely to disrupt Plaintiff's economic relationships and such conduct did in fact disrupt these relationships.

107.   Defendants' conduct was based upon false and fraudulent representations to Plaintiff and other third parties and breaches of their ethical, contractual, professional and common law duties to them.  As such, Defendants' conduct was independently wrongful.  As a direct and proximate cause of Defendants' actions, Plaintiff was damaged in an amount to be proven at trial but believe to be well in excess of jurisdictional requirements.

108.   Plaintiff is informed and believes, and on that basis alleges, that Defendants' wrongful acts will continue to cause injury to Plaintiff and that such injury will continue unless enjoined and restrained by this Court.

109.   Upon information and belief, Defendants have acted intentionally and despicably with oppression, fraud and malice toward Plaintiff.  Plaintiff, therefore, is entitled to an award of punitive damages for the sake of example and by way of punishing Defendants' pursuant to California Civil Code §§ 3294.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.   That the Court issue a preliminary injunction restraining, enjoining and prohibiting Defendants, and their officers, agents, employees and attorneys, and any person in active concert or participation with them or who are acting under their

1   direction, and each of them, from the following:

2       (a)    diluting the Property Marks and damaging Plaintiff's goodwill,
3
4   reputation and business related thereto,

5       (b)    using the Property Marks in any manner, and from causing,
6
7   contributing to or participating in, the unauthorized display and/or distribution of
8   the Property Marks to the public in connection with any service or product,

9       (c)    engaging in conduct which tends falsely to represent or is likely to
10
11  confuse, mislead or deceive members of the public,

12      (d)    Otherwise unfairly competing with Plaintiff in any manner, and

13      (e)    Continuing to perform in any manner whatsoever any of the other acts
14
15  complained of in this Complaint;

16      (f)    Infringing directly or indirectly Plaintiff's U.S. Copyright
17  Registrations;

18      (g)    Using, distributing or licensing and of the Properties, as described
19
20  herein;

21      2.     That this Court issue a permanent injunction, prohibiting Defendants
22
23  from directly or indirectly diluting or infringing the Property Marks and Property
24  Copyrights, and in any manner unfairly competing with Plaintiff; and from

25  inducing, or contributing to or participating in any such acts referred to in
26
27  paragraph 1 of this prayer;

28      3.     That the Court award Plaintiff its damages from Defendants including

recovery of any compensatory damages sustained by Plaintiff as a result of Defendants' diluting, infringing and/or tortuous activities described herein and as well as statutory damages;

4.    That the Court order Defendants to account for all gains, profits and advances derived by Defendants from the acts complained of, together with appropriate interest thereon;

5.    That the Court further award Plaintiff an increase in damages in an amount found or assessed as a result of willful acts of trademark dilution, trademark infringement, and unfair competition under 15 U.S.C. § 1117;

6.    That Defendants pay Plaintiff's costs and disbursements in this action, together with reasonable attorneys' fees 35 U.S.C. §285; 15 U.S.C. §1117(a);

7.    That Plaintiff be awarded punitive damages;

8.    An Order from the Court commanding that Defendants mail notice letters at its expense to all customers, accounts, distributors, dealers, jobbers, salesmen, sales reps. and suppliers - informing them that Defendants have committed unfair competition and infringement against Plaintiff and that it has no affiliation, connection or other business relationship with Plaintiff;

9.    Statutory damages, money damages, punitive damages, exemplary damages and treble damages suffered by Plaintiff in an amount to be ascertained.

10.    All other injunctive and monetary relief which the Court deems justifiable.

11.    That Plaintiff has such other and further relief as the Court may deem just and proper.

DATED:  December 16, 2015

FISCHBACH, PERLSTEIN,
LIEBERMAN & ALMOND, LLP

By: _____

Michael P. Martin
Attorneys for Plaintiff

2
5
COMPLAINT